AO 106A (08/18) Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

FILED
RICHARD W. NAGEL
CLERK OF COURT

11/30/22

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
WEST. DIV. DAYTON

| | |
|---|---|
| In the Matter of the Use of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>A CELL SITE SIMULATOR TO LOCATE AN<br>ELECTRONIC DEVICE | )<br>)<br>)<br>)<br>)<br>)<br> |

Case No.

3:22-mj-403

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A

located in the _____Southern_____ District of _____Ohio_____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☐ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☑ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. s. 841(a)(1) | possession with intent to distribute controlled substances |

The application is based on these facts:

See Attached affidavit of Logan Evans

☑ Continued on the attached sheet.

☑ Delayed notice of __30__ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*To ensure technical compliance with the Pen Register Statute, 18 U.S.C. §§ 3121-3127, this warrant also functions as a pen register order. Consistent with the requirement for an application for a pen register order, I, Brent Tabachi, certify that the information likely to be obtained is relevant to an ongoing criminal investigation being conducted by the DEA. See 18 U.S.C. §§ 3122(b), 3123(b).*

*Logan Evans*
*Applicant's signature*

Logan Evans, Deputy U.S. Marshal
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by reliable electronic means namely, telephone

Date: __11/30/22__

City and state: Dayton, Ohio

Peter B. Silvain, Jr.
United States Magistrate Judge

I, Logan Evans, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1.      I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 to authorize law enforcement to employ an electronic investigative technique, which is described in Attachment B, to determine the location of the cellular device assigned call number (937) 367-3229 (the "Target Telephone"), which is described in Attachment A.

2.      I am a Deputy United States Marshal with the United States Marshal Service (USMS), and have been since August 2021.  I am a graduate of Basic Deputy U.S. Marshal Academy as well as the Criminal Investigator Training Program at the Federal Law Enforcement Training Center (FLETC) in Glynco, Georgia in August 2021.  As a Deputy U.S. Marshal, I am authorized under 28 United States Code, Section 564, to enforce the laws of the United States. During my tenure with the USMS, my responsibilities include locating and apprehending federal fugitives.  Based on my experience as well as discussions with more experienced members of the USMS, I have learned how federal fugitives attempt to hide their locations from law enforcement.  Through these same sources, I have learned techniques to locate and apprehend federal fugitives, including the collection of information from their social media posts that may reveal their whereabouts or individuals with whom they are contact.

3.      The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses.  This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4.      One purpose of applying for this warrant is to determine with precision the Target Telephone's location.  However, there is reason to believe the Target Telephone is currently located somewhere within this district because the Target Telephone's owner is known to spend most of his time in this district and the telephone number area code associated with the Target Telephone corresponds to this district.  Pursuant to Rule 41(b)(2), law enforcement may locate the Target Telephone outside the district provided the device is within the district when the warrant is issued.

5.      Based on the facts set forth in this affidavit, there is probable cause to believe that Kevin Grindle has violated the terms of his supervised release and currently has an outstanding warrant for his arrest.  There is also probable cause to believe that the Target Telephone's location will assist law enforcement in arresting Kevin Grindle, who is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

6.      Because collecting the information authorized by this warrant may fall within the statutory definitions of a "pen register" or a "trap and trace device," *see* 18 U.S.C. § 3127(3) & (4), this warrant is designed to comply with the Pen Register Statute as well as Rule 41.  See 18 U.S.C. §§ 3121-3127.  This warrant therefore includes all the information required to be included in a pen register order.  See 18 U.S.C. § 3123(b)(1).

**PROBABLE CAUSE**

7.      During 2011, defendant Kevin Dale Grindle was convicted of a federal drug trafficking crime (*i.e.*, a violation of Title 21, United States Code, Section 841(a)(1)) in the Eastern District of Kentucky and was sentenced to imprisonment to be followed by a term of

supervised release. During 2013, the Eastern District of Kentucky transferred post-release supervision of Grindle to the Southern District of Ohio, where his matter was assigned number 3:13CR136WHR.

8.      Over the next almost decade, Grindle sustained various violations of his supervised release in this district, resulting in multiple extensions and/or reimpositions of his term of supervision. Grindle currently remains on active supervised release to this Court.

9.      Throughout his term of supervision, Grindle provided his contact telephone number to the United States Probation Office ("Probation Office") as the Target Telephone. During his supervision in this district, Probation Officers have spoken with Grindle at the Target Telephone number and routinely have reached him at that device. The Probation Office last spoke with Grindle at the Target Telephone number on November 23, 2022. (Notably, given interactions with Grindle, the officer was able to identify Grindle's voice).

10.      On or about November 23, 2022, the United States District Court for the Southern District of Ohio issued an arrest warrant for Grindle for a violation of his supervised release. On that day, the Probation Office called Grindle at the Target Telephone, personally spoke with him, and advised him of the outstanding arrest warrant. During the call, Grindle declined to surrender voluntarily on the arrest warrant, stating: "They (the police) better bring the entire calvary to come get him," or words to that effect. Based on the foregoing, I conclude that Grindle has knowledge of the warrant and is attempting to conceal himself from law enforcement, making him a fugitive.

3

11.     Law enforcement performed research concerning the Target Telephone and, consistent with the information from the Probation Office, that device is associated with Grindle. Additionally, this research indicated that the Target Telephone was currently active.    I believe that Grindle still possesses the Target Telephone and use of the investigative technique detailed in this affidavit will assist law enforcement locate the Target Telephone and therefore this fugitive.

## MANNER OF EXECUTION

12.     In my training and experience, I have learned that cellular phones and other cellular devices communicate wirelessly across a network of cellular infrastructure, including towers that route and connect individual communications.  When sending or receiving a communication, a cellular device broadcasts certain signals to the cellular tower that is routing its communication.  These signals include a cellular device's unique identifiers.

13.     To facilitate execution of this warrant, law enforcement may use an investigative device or devices capable of broadcasting signals that will be received by the Target Telephone or receiving signals from cellular devices, including the Target Telephone.  Such a device may function in some respects like a cellular tower, except that it will not be connected to the cellular network and cannot be used by a cell phone to communicate with others.  The device may send a signal to the Target Telephone and thereby prompt it to send signals that include the unique identifier of the device.  Law enforcement may monitor the signals broadcast by the Target Telephone and use that information to determine the Target Telephone's location, even if it is located inside a house, apartment, or other building.

4

14.     The investigative device may interrupt cellular service of phones or other cellular devices within its range.  Any service disruption to non-target devices will be brief and temporary, and all operations will attempt to limit the interference with such devices.  In order to connect with the Target Telephone, the device may briefly exchange signals with all phones or other cellular devices in its range.  These signals may include cell phone identifiers.  The device will not complete a connection with cellular devices determined not to be the Target Telephone, and law enforcement will limit collection of information from devices other than the Target Telephone.  To the extent that any information from a cellular device other than the Target Telephone is collected by the law enforcement device, law enforcement will delete that information, and law enforcement will make no investigative use of it absent further order of the court, other than distinguishing the Target Telephone from all other cellular devices.

## AUTHORIZATION REQUEST

15.     Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41.  The proposed warrant also will function as a pen register order under 18 U.S.C. § 3123.

16.     I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days from the end of the period of authorized surveillance.  This delay is justified because there is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705.  Providing immediate notice to the subscriber or user of the Target Telephone would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns

5

of behavior, notify confederates, and [continue to] flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). There is reasonable necessity for the use of the technique described above, for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

17.     I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Telephone outside of daytime hours.

18.     A search warrant may not be legally necessary to compel the investigative technique described herein. Nevertheless, I hereby submit this warrant application out of an abundance of caution.

Respectfully submitted,

Logan Evans, Deputy U.S. Marshal

Subscribed and sworn to before me
On:  11/30/22

Peter B. Silvain, Jr.
United States Magistrate Judge

6

## **ATTACHMENT A**

This warrant authorizes the use of the electronic investigative technique described in Attachment B to identify the location of the cellular device assigned phone number (937) 367-3229, whose wireless provider is T-Mobile, and believed to be used by Kevin Grindle.

## **ATTACHMENT B**

Pursuant to efforts to locate the fugitive Kevin Grindle for arrest, this Warrant authorizes the officers to whom it is directed to determine the location of the cellular device identified in Attachment A by collecting and examining:

1. radio signals emitted by the Target Telephone for the purpose of communicating with cellular infrastructure, including towers that route and connect individual communications; and

2. radio signals emitted by the Target Telephone in response to radio signals sent to the cellular device by the officers;

for a period of thirty days, during all times of day and night. This warrant does not authorize the interception of any telephone calls, text messages, other electronic communications, and this warrant prohibits the seizure of any tangible property. The Court finds reasonable necessity for the use of the technique authorized above. *See* 18 U.S.C. § 3103a(b)(2).

2